IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DARIN R. PETTAWAY,         *

                                *

     Plaintiff,         *

                                *

vs.                      *   CIVIL ACTION 06-00880-WS-B

                                *

MICHAEL J. ASTRUE,      *

Commissioner of          *

Social Security,        *

                                *

     Defendant.         *

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's unopposed Motion For Award of Attorney's Fees Pursuant to The Equal Access To Justice Act ("EAJA"). (Doc. 22). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(3). Upon consideration of the pertinent pleadings, it is the recommendation of the undersigned that Plaintiff's motion be **GRANTED**, and that the Plaintiff receive a reasonable attorney's fee in the amount of **$2,885.57** under EAJA for legal services rendered by his attorney in this Court.

## I.  Findings Of Fact

1.  Plaintiff commenced this action on December 28, 2006. (Doc. 1). On April 21, 2008, the Court entered Judgment pursuant to sentence four of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), and reversed and remanded this cause to the Commissioner

of Social Security for further proceedings. (Doc. 21).

2.   Plaintiff's motion for attorney's fees was filed on June 30, 2008.  (Doc. 22).  In the motion, Plaintiff requests an attorney's fee award of $2,885.57.  (Id.)  The attorney's fee award represents a total of 17.50 hours, at an hourly rate of $164.89 per hour, for attorney time spent representing Plaintiff in this Court. (Id.)

3.   The Commissioner of Social Security has filed a Response and states that it opposes Petitioner's motion because its position was substantially justified.  (Doc. 24).

## II.  Conclusions Of Law

### A.   Substantial Justification

1.   Defendant contends that its position, that the opinions of Plaintiff's treating physicians, Kenneth Adatto, M.D., and Stuart Phillips, M.D., should be discounted, and the opinion of Andre J. Fontana, M.D., a consultative orthopedist, should be given controlling weight, was substantially justified such that Petitioner's motion for an award of EAJA fees is due to be denied. (Doc. 24).  On a motion for attorney fees and costs under the EAJA, Defendant bears the burden of proving that its position, both in underlying agency action and arguments defending action in court, were substantially justified.  28 U.S.C.A. § 2412(d)(1)(A).

2.   The standard for "substantially justified" is one of reasonableness.  See, e.g., Pierce v. Underwood, 487 U.S. 552, 565

2

(1988). "While the parties' postures on individual matters may be more or less justified, the EAJA-like other fee-shifting statutes- favors treating a case as an inclusive whole, rather than as atomized line-items." <u>Commissioner, INS v. Jean</u>, 496 U.S. 154, 161-162 (1990). The test for substantial justification is whether the Government's position is justified to a degree that would satisfy a reasonable person (<u>i.e.</u>, when it has a reasonable basis in both law and fact). <u>See</u>, <u>e.g.</u>, <u>United States v. Jones</u>, 125 F.3d 1418, 1425 (11th Cir. 1997).[1] The Government bears the burden of proving that its position was substantially justified. (<u>Id</u>.)

3. The Equal Access to Justice Act ("EAJA") authorizes the payment of attorney's fees to a prevailing party in an action against the United States, absent a showing by the Government that its position in the underlying litigation "was substantially justified." 28 U.S.C. § 2412(d)(1)(A). Section 2412(d)(1)(B) directs that the application include a showing that the applicant is a prevailing party; a showing that the applicant is eligible to

---

[1] The court looks to both the agency's pre-litigation conduct and its litigation position. 28 U.S.C. § 2412(d)(2)(D) (for purposes of fee award under EAJA, "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based"). To be "substantially justified," the Commissioner's position must have a reasonable basis in law and fact. <u>Pierce</u>, 487 U.S. at 565. "Substantially justified" does not mean "justified to a high degree;" the standard is satisfied if there is a "genuine dispute," or if reasonable persons could differ as to the appropriateness of the contested action. <u>Id</u>. at 565.

receive an award; and a statement of the amount sought, including an itemized statement from any attorney stating the actual time expended and the rate charged.   Section 2412(d)(1)(B) provides further, that the applicant "allege that the position of the United States was not substantially justified."

4.   On April 21, 2008, this Court entered Judgment in which the undersigned reversed and remanded this case, finding that the Commissioner's decision was not supported by substantial evidence. (Docs. 20, 21).   Specifically, the undersigned found that the ALJ should have detailed alleged specific inconsistencies between Plaintiff's treating physicians' opinions (Drs. Kenneth Adatto and Stuart Phillips) and their treatment records, noting that the ALJ's failure to do so is "inappropriate particularly where the ALJ credited the opinions of a one time examining physician over a treating physician."   (Doc. 18 at 32).

Defendant argues that the ALJ expressly stated his reasons for discounting the opinions of Plaintiff's treating physicians, and that the favorable objective findings by these treating physicians were discussed throughout the opinion, but were not repeated in the paragraph in which the ALJ discounts the treating physicians' opinion.   (Doc. 24 at 4).   Defendant's assertion that his position was substantially justified amounts to no more than a restatement of his prior arguments which were considered and rejected.   The ALJ did not detail the alleged inconsistencies

4

between the opinions of Plaintiff's long time treating physicians'
and their treatment notes.  His failure to do so hampered the
Court's ability to determine whether the treating physicians'
opinions were properly rejected.  Given this inadequacy, the
undersigned finds that the ALJ's decision was not supported by
substantial evidence, and that the Commissioner's position was not
substantially justified.

**B.    EAJA Fee Award**

1.    The U.S. Supreme Court has indicated that "the most
useful starting point for determining the amount of a reasonable
fee is the number of hours reasonably expended on the litigation
multiplied by a reasonable hourly rate."  Watford v. Heckler, 765
F.2d 1562, 1568 (11th Cir. 1985) (quoting Hensley v. Eckerhart, 461
U.S. 424, 433 (1983)).  See also Jean v. Nelson, 863 F.2d 759, 772-
772 (11th Cir. 1988) (discussing the reasonableness of the hours
expended in the context of contentions by the government that the
fee requests were not supported by sufficient documentation and
often involved a duplication of effort), aff'd sub nom,
Commissioner, I.N.S. v. Jean, 496 U.S. 154 (1990).

2.    The EAJA (as amended)[2] provides, in relevant part, as

---

[2] On March 29, 1996, the EAJA was amended so as to increase the
statutory cap on EAJA fees from $75.00 per hour to $125.00 per hour.
See, e.g, Ikner v. Apfel, 2000 WL 1844704, *2 n.1 (S.D. Ala. Nov. 9,
2000).  These amendments apply to civil actions commenced on or after
the date of enactment; therefore, the statutory cap of $125.00 per

follows:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorneys fees shall **not** be awarded in excess of $125.00 per hour **unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.**

28 U.S.C. § 2412(d)(2)(A) (emphasis added.)  In <u>Meyer v. Sullivan</u>, 958 F.2d 1029 (11th Cir. 1992), the Eleventh Circuit determined that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorneys fees under the Act:

> The first step in the analysis, . . . is to determine the market rate for "similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation." . . . The second step, which is needed only if the market rate is greater than [$125.00] per hour, is to determine whether the court should adjust the hourly fee upward from [$125.00] to take into account an increase in the cost of living, or a special factor.

<u>Id</u>. at 1033-1034 (citations and footnote omitted).

3.   The prevailing market rate for social security cases in the Southern District of Alabama has been adjusted to take into account an increase in the cost of living.  <u>Lucy v. Astrue</u>, CV 06-147-C (S.D. Ala. (July 5, 2007).  In <u>Lucy</u>, the following formula, based on the CPI, was utilized:

> ($125/hour) x (CPI-U Annual Average "All Items Index,"

_____

hour applies in this present action.

6

South Urban, for month and year of temporal midpoint)/152.4, where 152.4 equals the CPI-U of March 1996, the month and year in which the $125 cap was enacted.

(<u>Id</u>. at 4)  The "temporal midpoint" is calculated by counting the number of days from the date that the claim was filed to the date of the Magistrate or District Judge's Order and Judgment.  (<u>Id</u>. at 5.)

The undersigned finds, based on the <u>Lucy</u> decision, that the formula utilized by the Court in <u>Lucy</u>, and requested by Plaintiff in his fee petition, is the proper method in this District for determining the attorney fee rate in cases such as these.  The Complaint in this action was prepared and filed on December 28, 2006, and the District Judge's Judgment was issued on April 21, 2006.  (Docs. 1, 20 and 21).  The number of days between those two dates is 480; thus making August 25, 2007 the "temporal midpoint" between those two dates.  The CPI-U for August of 2007 was 201.04. Plugging the relevant numbers into the foregoing formula renders the following equation: $125 x 201.04/152.4.  This calculation yields an hourly rate, adjusted for "cost of living" increases, of $164.90.  Accordingly, based on the formula set forth in <u>Lucy</u>, the undersigned recommends an hourly rate of $164.90.[3]

---

[3]In his petition, Plaintiff utilized the <u>Lucy</u> formula in calculating the attorneys' fee rate, and arrived at a rate of $164.89 per hour.  The Court has determined that the rate $164.8950 is to be rounded up to $164.90.

## C.    Reasonableness of Hours

With regard to the reasonableness of the hours claimed by Plaintiff's attorney, "[t]he fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988).   "[T]he measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." (Id. at 1306).

In the case sub judice, attached to Plaintiff's motion is a time sheet detailing the description of work performed, the time expended and the date on which the work was performed.  (Doc. 22). The undersigned has reviewed this document and Defendant's response, and finds that, under the circumstances, and given the usual number of hours billed by attorneys in similar actions, Plaintiff is entitled to 17.50 hours of attorney time expended representing Plaintiff in federal court.   See, e.g., Coleman v. Apfel, 2000 WL 1367992 (S.D. Ala. Aug. 30, 2000).

## III.   CONCLUSION

Therefore, upon consideration of the pertinent pleadings, the undersigned Magistrate Judge **RECOMMENDS** that Plaintiff's Motion for

8

Attorney's Fees Pursuant to the Equal Access to Justice Act be **GRANTED,** and that he be awarded attorney fees in the amount of $2,885.75 for 17.50 attorney hours spent representing Plaintiff in connection with this action.

The attached sheet contains important information regarding objections to the undersigned's report and recommendation.

DONE this **31st** day of **July, 2008**.


　　　　　　　　　　　　**/s/ Sonja F. Bivins**
　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.    **<u>Objection</u>**.   Any party who objects to this recommendation or
anything in it must, within ten days of the date of service of this
document, file specific written objections with the clerk of court.
Failure to do so will bar a *de novo* determination by the district
judge of anything in the recommendation and will bar an attack, on
appeal, of the factual findings of the magistrate judge.   <u>See</u> 28
U.S.C. § 636(b)(1)( c); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th
Cir. 1988).   The procedure for challenging the findings and
recommendations of the magistrate judge is set out in more detail
in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a
> magistrate judge in a dispositive matter, that is, a
> matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a
> "Statement of Objection to Magistrate Judge's
> Recommendation" within ten days after being served with
> a copy of the recommendation, unless a different time is
> established by order.   The statement of objection shall
> specify those portions of the recommendation to which
> objection is made and the basis for the objection.   The
> objecting party shall submit to the district judge, at
> the time of filing the objection, a brief setting forth
> the party's arguments that the magistrate judge's
> recommendation should be reviewed *de novo* and a different
> disposition made.   It is insufficient to submit only a
> copy of the original brief submitted to the magistrate
> judge, although a copy of the original brief may be
> submitted or referred to and incorporated into the brief
> in support of the objection.   Failure to submit a brief
> in support of the objection may be deemed an abandonment
> of the objection.

A magistrate judge's recommendation cannot be appealed to a
Court of Appeals; only the district judge's order or judgment can
be appealed.

2.    **<u>Opposing party's response to the objection.</u>**   Any opposing
party may submit a brief opposing the objection within ten (10)
days of being served with a copy of the statement of objection.
Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.     **Transcript (applicable where proceedings tape recorded)**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate
judge finds that the tapes and original records in this action are
adequate for purposes of review.  Any party planning to object to
this recommendation, but unable to pay the fee for a transcript, is
advised that a judicial determination that transcription is
necessary is required before the United States will pay the cost of
the transcript.

                        _____/s/ SONJA F. BIVINS_____
                        **UNITED STATES MAGISTRATE JUDGE**